## LOT M. MORRILL *vs.* MATTHEW HAYWOOD.

A paper produced by the clerk of a company of militia, purporting to be the company roll, without being verified by the signature of the commanding officer or clerk, and without proof of its authenticity, is not evidence of the enrolment of a private.

THIS was a writ of error, brought to reverse a judgment of a Justice of the Peace in an action wherein *Haywood* claimed to recover of *Morrill* the penalty for nonappearance at a company training. The whole of the record in relation to the first error assigned, and the only one considered by the Court, will be found in the opinion.

The case was argued in writing.

*E. Fuller*, for the plaintiff in error, contended, that there was no evidence in the case to show, that *Morrill* was legally enrolled; and cited *Whitmore* v. *Sanborn*, 8 *Greenl.* 310; *stat.* 1834, *ch.* 121, *sec.* 12.

*May*, for the defendant in error, contended, that the book, which he said was in the form furnished by the Adjutant General, being produced by the clerk, was competent evidence to prove the enrolment without any certificate to verify it; and cited *Sawtel* v. *Davis*, 5 *Greenl.* 438; *Sumner* v. *Sebec*, 3 *Greenl.* 223; *stat.* 1821, *ch.* 121, *sec.* 12.

The case was continued for argument, and the opinion of the Court afterwards drawn up by

SHEPLEY J. — The first error assigned is, that an objection was made before the justice " that the book produced, headed company roll, was not evidence of said *Morrill's* enrolment, inasmuch as it was no where certified by the captain, or clerk, or any evidence to shew, that it was made by them or either of them, or that in fact it belonged to the company."

It is said, to have been in the usual form furnished by the Adjujutant General, but the description is such, as to leave it doubtful, whether the paper produced purported to be the company roll, or the record of the company roll. It was admitted as the evidence of enrolment. The act of congress makes it the duty of the captain or commanding officer of the company to enrol the persons liable to do military duty; and the twelfth section of the act of the 8th of *March*, 1834, requires the clerk to assist the commanding officer of the company in the enrolment thereof, and to keep a fair and exact roll, and to revise it on the first Tuesday of *May* annually, and from time to time to correct the same as the alterations in the company may require. These are important duties, and they are to be performed under the sanction of their official characters and oaths of office. The enrolment of a citizen imposes upon him the performance of military duty only, when that enrolment is legally made by the persons authorized by law to make it. It is not for persons without legal authority, and without the responsibility of an official character, or an oath of office, to impose such duty upon any one. For aught that appears in this case, the paper re-

ceived in evidence might have been made out by one having no legal authority whatever to do it. It is said, that being produced by the clerk, it is to be presumed to have been legally made by him. But if the clerk should think proper to present a paper purporting to be an enrolment, and should neither attach to it his official signature, nor testify, that it was made by him, and it should be regarded as legal evidence of enrolment, those persons whose names were on the paper might have onerous duties imposed upon them in a manner not authorized by law; and yet the clerk by producing such a paper would not have subjected himself to the charge of a violation of official duty, or of his oath of office. The citizen has a right to insist, that proof should be adduced, that the duty required of him has been imposed by legal authority and under the legal sanctions before a penalty for neglect can be exacted of him. This right the law has secured to him, and it does not belong to a court of justice to violate it by presuming without evidence, that the duty has been legally imposed.

*Judgment reversed.*